## HANCOCK *vs.* CLOUD.

1. To suit on notes defendant pleaded as follows: The notes were given for the purchase money of certain land.   This had been the property of one Cloud, deceased, whose administrator plaintiff was ; he had bought the land at his own administrator's sale; defendant knew this fact, but did not know its legal effect when he bought, nor that his vendor had not paid for the land and had not settled with the heirs, nor that he was insolvent. Defendant has paid part of the purchase money, and offers to pay the balance if the sale to him be ratified and confirmed by the heirs, or to rescind and surrender up.. the land :

*Held*, that this plea was properly stricken on demurrer, it not appear-ing that the securities on the administrator's bond are insolvent, or that the defendant has been, or ever will be, disturbed in his enjoy-ment of the land.

2. Under the act of 1877, providing for the entering of cases after the regular return day, the clerk may certify in his certificate to the record the cause of the delay in transmitting the same, but *aliunde* evidence is not admissible to show that such delay was caused by the excepting party, or his counsel, and that he was not, therefore,. entitled to the benefits of this act.

Administrators and executors. Promissory notes. Con-
tracts. Pleadings. Before Judge CRISP. Crawford Supe-
rior Court. September Term, 1879.

To the report contained in the decision, it is only neces-
sary to add that, in support of the motion to dismiss,
counsel for defendant in error offered to read a certificate
made by the clerk some time after the date of his certifi-
cate to the record, stating the cause of the delay in trans-
mitting the papers.

BACON & RUTHERFORD, for plaintiff in error.

B. LeSUEUR, for defendant.

WARNER, Chief Justice.

It appears from the record that Noah Cloud brought
suit on two notes for $227.35, each against Jas. M. Han-
cock. Hancock filed his pleas that the notes were given
for land formerly belonging to the estate of James Cloud;
that Noah Cloud was the administrator of James Cloud,
and purchased the land at his (the administrator's) sale
through one Causey, and then sold the land to Hancock,
for which the notes sued on were given. Hancock has
paid $340.00 cash for the land. At time of trade, Han-
cock knew that Noah Cloud had purchased the land at
his own administrator's sale, but did not know the legal
effect of such a purchase, and did not know that Noah
Cloud had not paid for the land, and had not settled with
the heirs of James Cloud; that Noah Cloud is insolvent;
Hancock did not know that Noah Cloud was insolvent at
time of the trade.

The plaintiff demurred to the defendant's plea, which
was sustained, and the defendant excepted.

Noah Cloud never made Hancock a deed. Hancock
offers to pay balance of purchase money if the sale by the
administrator to him be ratified and confirmed by the

heirs, and offers to rescind the trade and surrender up the land.

1. There was no error in sustaining the demurrer to the defendant's plea on the allegations contained therein. It does not appear therefrom that the securities on the administrator's bond are insolvent, or that the defendant has been disturbed in any manner in the enjoyment of the land for which the notes were given, or that he ever will be.

2. This case was brought here under the act of 1877, and a motion was made to dismiss it on the ground that the delay in not sending it up sooner by the clerk was caused by the act of the plaintiff in error or his counsel, and defendant in error sought to prove that fact by evidence *aliunde* the record. Whilst it would be competent for the clerk to certify in his certificate to the record the cause of the delay, in view of the provisions of the act of 1877, yet *aliunde* evidence of that fact cannot be received.

Let the judgment of the court below be affirmed.